IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

VINCENT E. BOLDEN                                                                                    PLAINTIFF

V.                                                                                         NO. 4:11CV026-A-D

EMMITT SPARKMAN, et al.                                                                         DEFENDANTS

### MEMORANDUM OPINION

This matter is before the court, *sua sponte*, for consideration of dismissal in accordance with 28 U.S.C. §§ 1915(e)(2) and 1915(A). The Plaintiff, an inmate in the custody of the Mississippi Department of Corrections, files this *pro se* complaint pursuant to 42 U.S.C. § 1983. In his original complaint the Plaintiff is upset about receiving several Rule Violation Reports ("RVR") for failing to report for work. The Plaintiff attempts to justify his failure based on a perceived but unidentified medical condition. He then claims that he has been improperly classified for work. In a supplemental pleadings, the Plaintiff complains that the Defendants confiscated, improperly inventoried and damaged some of his property. The Plaintiff is seeking damages for these perceived constitutional violations.

After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

### WORK CLASSIFICATION

The Plaintiff complains about receiving RVRs for failing to report for work. His explanation for missing work is that he has been improperly classified to work. There is no proof that he is physically or medically incapable of working.

Amendment Thirteen of the United States Constitution provides, "Neither slavery nor involuntary servitude, *except as punishment for crime* whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." (Emphasis

added); *Ali v. Johnson*, 259 F.3d 317, 318 (5th Cir. 2001). Contrary to his argument, "prison inmates can be required to work" without running afoul of the Constitution. *Mendoza v. Lynaugh*, 989 F.2d 191, 194 (5th Cir. 1993) (citations omitted). Forcing inmates to work does not violate the Thirteenth Amendment. *Ali*, 259 F.3d at 318.

There are no extreme circumstances presented by the facts of this case that warrant judicial intervention. *Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir. 1988) (alleged disabled inmate who was required to work failed to state a constitutional violation); *Lewis v. Lynn*, 236 F.3d 766, 767-68 (5th Cir. 2001) (asthmatic inmate forced to work in field after medical staff determined he was capable). Therefore, Plaintiff's claim related to being compelled to work has no merit. Likewise, the RVR's he received for refusing to work do not implicate any constitutional concerns.

Furthermore, it is well settled that inmates have neither a protectable property or liberty interest to any custodial classification, either under the United States Constitution or under Mississippi law. *Meachum v. Fano*, 427 U.S. 215, 224, 96 S. Ct. 2532, 49 L. Ed. 2d 451 (1976); *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990) (citations omitted); Miss. Code Ann. §§ 47-5-99 to -103 (1993). The Plaintiff, thus, may not maintain a claim based on his classification, medical or otherwise.

## RULE VIOLATION REPORT

To the extent Plaintiff's claim arises out of the numerous RVRs he received because he refused to work, it too is unavailing. As implied above, "there is no federally protected right of a state prisoner not to work while imprisoned after conviction." *Plaisance v. Phelps*, 842 F.2d 107, 108 (5th Cir. 1988). Defendants, therefore, were entitled to discipline the Plaintiff when he failed or refused to work without justification. *Mikeska v. Collins*, 900 F.2d 833 (5th Cir. 1990); *see also, Winston v. Stacks*, 243 Fed. Appx. 805, 2007 WL 1725515 at *1 (5th Cir. Jun. 14, 2007) (prison officials did not violate prisoner's constitutional rights by disciplining him for refusing to work when he claimed he was under medical restriction). Therefore, the RVRs he received are within acceptable constitutional limits.

If the Plaintiff is attempting to challenge the RVRs based upon a procedural error, his claim also fails. To invoke the protections of the Due Process Clause, the plaintiff must have a protected liberty interest at stake. Due process requires an inmate facing a disciplinary action be provided: (1) a written notice of the disciplinary action charges; (2) a written statement by the fact finder of the evidence and reasons for the disciplinary action; and (3) an opportunity to present evidence and call witnesses in his defense, if not unduly hazardous to institutional safety or correctional goals. *Wolff v. McDonnell*, 418 U.S. 539, 564-65, 94 S. Ct. 2963. 41 L. Ed. 2d 935 (1974). The Constitution does not demand "error-free decision making ...." *Collins v. King*, 743 F.2d 248, 253-54 (5th Cir. 1984) (quoting *McCrae v. Hankins*, 720 F.2d 863, 868 (5th Cir. 1983)). As long as there is "some evidence" in the record to support the disciplinary decision, due process requirements have been met. *Morgan v. Quaterman*, 570 F.3d 663, 668 (5th Cir. 2009).

In his pleadings, the Plaintiff admits he was afforded a disciplinary hearing although he takes issue with the outcome. The Plaintiff has not alleged any facts which would cast doubt upon the procedures employed or the outcome of the disciplinary hearing. Additionally, his own pleadings demonstrate that he was guilty of failing or refusing to report for work. For these reasons, any challenge to the RVRs is fruitless.

## LOSS OF PROPERTY

To the extent Plaintiff seeks redress for loss or deprivation of his property that is "random and unauthorized," the United States Supreme Court has held that such deprivation does not constitute a civil rights violation as long as the state provides a meaningful post-deprivation remedy. *Parratt v. Taylor*, 451 U.S. 527, 541-44, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981). It is well established that neither the negligent nor intentional deprivations of property violate due process where there is an adequate state tort remedy available. *Daniels v. Williams*, 474 U.S. 327 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The Fifth Circuit has upheld dismissal of countless cases involving prisoners' suits for property deprivation because of the availability of state law

remedies. *Myers v. Klevenhage*, 97 F.3d 91, 94-95 (5th Cir. 1996); *Murphy v. J.A. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994); *Marshall v. Norwood*, 741 F.2d 761, 763-64 (5th Cir. 1984).

Mississippi provides post-deprivation remedies for both negligent and intentional conversions of property. *See* Miss. Code Ann. §§ 11-38-1 *et seq.* (claim and delivery); Miss Code Ann. §§ 11-37-101 *et seq.* (replevin); *Masonite Corp. v. Williamson*, 404 So.2d 565, 567 (Miss. 1981) (conversion). It is plaintiff's burden to establish that the post-deprivation remedies are not adequate. *Myers*, 97 F.3d at 94-95.

Here, the Plaintiff has failed to allege, much less prove, that these remedies are not adequate. Moreover, the Fifth Circuit has held that "Mississippi's post-deprivation remedies for civil IFP litigants satisfy due process." *Nickens v. Melton*, 38 F.3d 183, 185 (5th Cir. 1994). Thus, Plaintiff's remedy is not found in a Section 1983 action, but in a tort claim under state law. Therefore, he has failed to state a cognizable constitutional claim.

## CONCLUSION

It is clear that whether claims are habeas corpus or civil rights in nature a plaintiff must be deprived of some right secured to him by the Constitution or the laws of the United States. *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir. 1984)(citing 28 U.S.C. § 2254(a) (1982); *Baker v. McCollan*, 443 U.S. 137 (1979); and *Trussell v. Estelle*, 699 F.2d 256, 259 (5th Cir. 1983)). In the event there is no constitutional right, the plaintiff's complaint fails. *Irving*, 732 F.2d at 1216 (citing *Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983)).

As discussed above, the Plaintiff has failed to state a claim upon which relief may be granted under Section 1983. For all of these reasons, the complaint shall be dismissed with prejudice.

A final judgment in accordance with this opinion will be entered.

THIS the 21st day of April, 2011.

                                                     /s/ Sharion Aycock  
                                                   **U.S. DISTRICT JUDGE**